IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

ANDREW J. ZAGORSKI,                )
                                   )
        Plaintiff,         )
                                   )
vs                                 )    No. CIV-13-1209-D
                                   )
ROBERT McADAM, *et al.*,           )
                                   )
        Defendants.        )

**O R D E R**

      Before the Court is Defendant Anita Palozzi's Motion to Dismiss [Doc. No. 14]. Defendant Palozzi seeks dismissal of this action on grounds that the Court lacks *in personam* jurisdiction over her and that Plaintiff has failed to state claims for extortion, conspiracy and defamation upon which relief can be granted. Alternatively, Defendant Palozzi requests that this action be transferred to New York pursuant to 28 U.S.C. § 1404(a).

      Also before the Court is the Motion to Dismiss [Doc. No. 15] of Defendants Thomas Mancuso, Patricia Rohrer, James P. Wells, Robert McAdam, Mary McAdam, David Siracuse, Christopher Rohrer and Mark Tambe. These defendants also assert the Court lacks *in personam* jurisdiction over them. Additionally, they move for dismissal of Plaintiff's claims on grounds of lack of standing and failure to state claims for extortion, civil conspiracy and defamation upon which relief can be granted. Plaintiff has responded to the motions [Doc. Nos. 16 and 17], and Defendants Mancuso *et al*. have filed a reply [Doc. No. 18]. The matters are fully briefed and at issue.

**Discussion**

I. **Standing**

The Court first addresses the issue of standing raised by Defendants Mancuso *et al.* When evaluating a plaintiff's standing at the motion to dismiss stage, the court must accept as true all material allegations of the complaint and must construe the complaint in favor of the plaintiff. *Cressman v. Thompson*, 719 F.3d at 1144 (*quoting Initiative & Referendum Institute v. Walker*, 450 F.3d 1082, 1089 (10th Cir. 2006) (*en banc*)). To establish Article III standing, a plaintiff must establish that he has suffered an injury in fact that is fairly traceable to the challenged action of the defendant and that it is likely that the injury will be redressed by a favorable decision. *Cressman*, 719 F.3d at 1144. A plaintiff must demonstrate that he has a "concrete private interest in the outcome of [the] suit," *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 573 (1992), and that relief will "directly and tangibly benefit *him*." *Lujan*, 504 U.S. at 574 (emphasis added).

Defendant Palozzi has not directed her motion to dismiss to the issue of standing. However, standing is a jurisdictional issue, *Cressman v. Thompson*, 719 F.3d 1139, 1144 (10th Cir. 2013), and the Court has an independent duty to inquire into its subject matter jurisdiction and may raise the issue of standing *sua sponte*. *See United States v. Ramos*, 695 F.3d 1035, 1046 (10th Cir. 2012). Thus, if the Court finds that Plaintiff lacks standing to bring this action, the case must be dismissed against all defendants for lack of subject matter jurisdiction.

Defendants Mancuso *et al.* assert that the injuries alleged in the Complaint are not those of the Plaintiff but those of "his" company, OZ Forms Technologies, Inc. Indeed, they assert that "[t]he only fair reading of the Complaint, is that OZ Tech's reputation was damaged by the alleged defamation, not Plaintiff," and that it is "OZ Tech that is the purported Plaintiff in this action in

every way but name." *See* Motion to Dismiss [Doc. No. 15] at 5. Defendants point out that alleged threats to obtain a refund of their investment in Plaintiff's company, *see* Complaint at ¶¶ 14 and 17, which Plaintiff alleges were "intended to prevent the Plaintiff and the company from surviving and from completing their intended public offering to enable the company to grow and develop into its intended objective of providing Saferooms to the public," *id.*, at ¶ 17, would, under Plaintiff's allegations, possibly cause harm to OZ Tech, but not to Plaintiff.

Upon the Court's review of Plaintiff's Complaint, the Court finds that Plaintiff has not shown an injury in fact to him or that the relief sought will directly and tangibly benefit him. The alleged defamation pertains to the sales of OZ Forms Technologies' private stock and the resulting injury is alleged to be delay and increased costs of completing the audit of OZ Forms Technologies, Inc. in preparing for a public offering and in Plaintiff's ability to raise funds in a private offering of OZ Forms Technologies' stock. *See* Complaint at ¶ 11. Alleged statements that "the plant and inventory do not exist and that Plaintiff is conducting a Ponzi scheme in his fund raising in connection with preparation to do a public offering of his company," *id.*, again relate to actions of OZ Forms Technologies and could cause injury in fact to that company but do not show injury in fact to Plaintiff.

In his second cause of action, for alleged extortion, Plaintiff alleges that the group of defendants demanded the return of their investment together with interest, punitive damages and administrative fees. *See* Complaint at ¶ 14. He further alleges that Defendants threatened that if such moneys were not returned they would inform a CPA, which he alleges they eventually did. *Id.* Finally, Plaintiff references verbal threats of "turning the company into the SEC and FBI" and shutting the company down. *Id.* Although Plaintiff then alleges that "[s]uch actions have resulted

in damage to Plaintiff and his reputation," *id*., the factual allegations fail to show that Plaintiff personally suffered any injury in fact as a result of the threats or a report to a CPA. Likewise, the allegations in Plaintiff's third cause of action, for civil conspiracy, again referencing the defendants' demands for refunds of their investments and pressure to obtain the same exerted by inquiries of state and federal agencies, fail to show that Plaintiff (or even OZ Forms Technologies, Inc.) suffered any injury in fact.

Accordingly, the Court concludes that Plaintiff lacks standing to bring this action, that the motion to dismiss of Defendants Mancuso *et al.* must be granted, and that this case must be dismissed for lack of subject matter jurisdiction against all defendants.

## II.     *In Personam* **Jurisdiction**

The defendants also move for dismissal on grounds the Court lacks *in personam* jurisdiction over them and the Court addresses this issue in the alternative. The only allegations in Plaintiff's Complaint which arguably relate to the defendants' alleged minimum contacts with the forum state are the following:

> Defendants and each of them have emailed correspondence to Plaintiff and various third parties in Oklahoma containing statements that constitute the causes of action stated in this complaint.

Complaint, ¶ 9

> On August 12, 2013, Bob and Mary McAdam, representing all Defendants, sent an e-mail stating in effect, quote that the sales of OZ Forms Technologies, Inc. private stock, to members, our group in the year 2010, were clearly illegal. . . .' The e-mail was directed and published to persons who are not privy to the information contained in the e-mail. The defamatory words are false and therefore libelous.
>
> . . . .

4

> In addition to the foregoing, many other e-mails were sent and published which contained many other untrue statements.
>
> . . . .

*Id*. at ¶ 11

> Many e-mails have extended the demand [for return of Defendants' investment] based on the claims of illegal activity. . . .

*Id*. at ¶ 14.

All of the defendants herein seek dismissal of Plaintiff's Complaint for lack of personal jurisdiction over them. Defendant Palozzi has not submitted any affidavits with her motion. *See* Doc. No. 14. Defendants Mancuso *et al.* have submitted affidavits in which they attest to their residences outside the state of Oklahoma, their lack of contact with the state of Oklahoma and, in some instances, that their purchases of stock in OZ Saferooms Technologies, Inc. occurred in New York. *See* Exhibits to Doc. No. 15. Plaintiff, in response to the motion of Defendants Mancuso *et al.,* has submitted his affidavit in which he attests, *inter alia*, that he is the primary target of emails sent by the defendants "to various people who are not part of Oz Saferooms Technologies, Inc.," Affidavit (Exhibit to Doc. No. 17) at ¶ 3; that the defendants "sent a series of emails to inside persons and to persons not affiliated with [Plaintiff] or with OZ Saferooms Technologies, Inc. including at least one person in Oklahoma and other[s] not in Oklahoma, . . . each of which contained inaccurate assertions about [Plaintiff] and about OZ Forms Technologies, Inc., a former company . . .," *id*, at ¶ 6; that Plaintiff was "aware of negative communications of the group [of Defendants] to banks used by the Company in Oklahoma . . . ," *id*., at ¶ 8; and that "[i]n emails, the group of Defendants demanded of me that I repay them for their claims the sum of $1,500,000, which I did not do." *Id.* at ¶ 10.

The plaintiff bears the burden of establishing personal jurisdiction and where, as here, the issue is raised early in the litigation based on pleadings and affidavits, the burden can be met by a *prima facie* showing. *Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011) (*citing Dudnikov v. Chalk & Vermilion Fine Arts, Inc.* 514 F.3d 1063, 1069-70 (10th Cir. 2008)). In determining whether a plaintiff has met that burden, only the well pled facts of the plaintiff's complaint, as distinguished from mere conclusory allegations, must be accepted as true. *Intercon Inc. v. Bell Atlantic Internet Solutions*, *Inc.* 205 F.3d 1244, 1249 (10th Cir. 2000). Factual disputes must be resolved in the plaintiff's favor. *Employers Mutual Casualty Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1159 (10th Cir. 2010).

Under Oklahoma law, where the state long-arm statute provides for personal jurisdiction to the full extent constitutionally permitted, due process principles govern the personal jurisdiction inquiry. *Shrader,* 633 F.3d at 1239. The due process inquiry focuses on the existence of "minimum contacts" with the forum state which may support either specific jurisdiction or general jurisdiction. *Id*. In this case, no party asserts that there is general jurisdiction over the defendants and there are no allegations or evidence which would support the exercise of general jurisdiction. Thus, the issue before the Court is whether it has specific jurisdiction over the defendants.

For specific jurisdiction, "the 'minimum contacts' standard requires, first, that the out-of-state defendant must have 'purposefully directed' its activities at residents of the forum state, and second, that the plaintiff's injuries must 'arise out of' the defendant's forum-related activities." *Dudnikov,* 514 F.3d at 1070 (*quoting Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). "Purposeful direction" requires: (1) an intentional action; (2) expressly aimed at the forum state; (3) with knowledge that the brunt of the injury would be felt in the forum state. *Dudnikov*, 514 F.3d

at 1072 (*citing Calder v. Jones*, 465 U.S. 783 (1984), and "[d]istilling *Calder* to its essence"). In order for the plaintiff's injuries to arise out of the purposeful direction of the defendant's activities, the defendant's forum-directed activities must be the proximate cause of the plaintiff's injuries, or it must be said that but for the defendant's forum-directed activities, the plaintiff's injuries would not have occurred. *Dudnikov*, 514 at 1078. Even if the "purposeful direction" and "arising out of" conditions are met, the court must still consider whether the exercise of personal jurisdiction would offend traditional notions of fair play and substantial justice. *Id*. at 1080.

Upon the Court's review of the allegations of Plaintiff's Complaint and statements in his affidavit, quoted above, the Court finds that Plaintiff has failed to sustain his burden of establishing a *prima facie* case of specific personal jurisdiction over the defendants. Plaintiff's allegation in paragraph 9 of his Complaint is wholly conclusory. Assuming the email referred to in Plaintiff's defamation claim, *see* Complaint at ¶ 11, meets the requirements of purposeful direction, Plaintiff's cause of action for defamation does not and cannot arise out of that email because defamation requires an unprivileged publication to a third party. *See Cardtoons, L.C. v. Major League Baseball Players Ass'n.*, 335 F.3d 1161, 1166 (10th Cir. 2003). Plaintiff alleges that the email was "directed to and published to persons who are not privy to the information contained in the email" but he does not specify who those third persons are or where those third persons were located. Plaintiff, therefore, has not shown that those emails were expressly aimed at the forum state, a requirement of purposeful direction. The same can be said about Plaintiff's later conclusory statement in paragraph 11 of his Complaint that "other emails were sent and published which contained many other untrue statements. ..." Emails extending the demand for return of Defendants' investment, *see* Complaint at ¶ 14, have not been alleged to be purposefully directed to residents of Oklahoma, and

7

even if it can be inferred that they were directed to Plaintiff in Oklahoma, they cannot form the basis of a defamation claim and there is no cognizable civil claim for extortion. *See* discussion, *infra*.

Plaintiff does not specify to whom the many emails were sent and published and in what state the intended recipients resided, so he has not met the purposeful direction requirement as to those emails. *See* Complaint, ¶ 17. Likewise, Defendants' alleged communications with unspecified state and federal agencies do not meet the "purposeful direction" requirement. *See id*.

As to Plaintiff's mostly conclusory affidavit, Plaintiff does not consistently indicate that the persons to whom emails were sent were located in Oklahoma; thus, his statements about those emails cannot satisfy the purposeful direction requirement. He does attest that Defendants sent an email containing "inaccurate assertions" about him and about OZ Forms Technologies, Inc. to at least one person in Oklahoma, and that Defendants sent negative communications to banks in Oklahoma. But even assuming such email and communications satisfy the purposeful direction requirement, Plaintiff has not shown that any of his causes of action arise out of these contacts involving mere inaccurate assertions and negative comments. Thus, Plaintiff has not met his burden of establishing specific personal jurisdiction exists over the defendants.

### III. Failure to State Claims Upon Which Relief Can Be Granted

The defendants also seek dismissal of Plaintiff's claims for defamation, extortion and civil conspiracy pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state claims upon which relief can be granted. The Court further addresses, in the alternative, these additional grounds for dismissal.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[ M]ere labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not suffice; a plaintiff must offer specific factual allegations to support each claim." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir.2011) (internal quotation marks omitted). When evaluating whether a complaint plausibly states a claim, the court must "disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Id*.

### A. **Defamation**

To recover for defamation, a private figure must prove: 1) a false and defamatory statement; 2) an unprivileged publication to a third party; 3) fault amounting at least to negligence on the part of the publisher; and 4) either actionability of the statement irrespective of special damage, or the existence of special damage caused by the publication. *Tanique, Inc. v. State ex rel. Oklahoma Bureau of Narcotics and Dangerous Drugs*, 99 P.3d 1209, 1217 (Okla. Civ. App. 2004); *Cardtoons, L.C. v. Major League Baseball Players Association*, 335 F.3d 1161, 1166 (10th Cir. 2003). The allegedly false and defamatory statement must be "of and concerning" the plaintiff. *See McCain v. KTVY, Inc.*, 738 P.2d 960, 962 (Okla. Civ. App. 1987).

Even assuming that the August 12, 2013 email that Plaintiff has alleged is the subject of this claim is false and defamatory, the statement that the "sales of OZ Forms Technologies, Inc. private stock . . . were illegal" is not "of and concerning" Plaintiff but is of and concerning the entity named. More importantly, Plaintiff has failed to identify the third parties to whom this allegedly defamatory email was sent, and has failed to allege that the publication was unprivileged. Likewise, Plaintiff's allegations that "many other emails were sent and published which contained many untrue statements" and his allegation that he "believes that many oral statements that the plant and inventory

9

. . . do not exist and that Plaintiff is conducting a Ponzi scheme. . . ." are conclusory. The allegations fail to identify to whom and when any of the emails and oral statements were sent or made. Thus, Plaintiff has failed to state a plausible claim for relief for defamation.

  **B.** <u>**Extortion**</u>

Plaintiff's second cause of action purports to be for extortion. All of the defendants have moved to dismiss this claim on the ground that Oklahoma does not recognize a civil cause of action for extortion. Defendants are correct. *See Chapman v. Chase Manhattan Mortgage Corp.*, No. 04-CV-0859, 2007 WL 2815426 (N.D. Okla. September 24, 2007) (unpublished op. (Oklahoma law does not recognize either extortion or duress as civil causes of action.), *citing Roberts v. Wells Fargo AG Credit Corp.*, 990 F.2d 1169, 1174 (10th Cir. 1993)(Oklahoma law does not recognize an independent tort action for duress). If New York law were applicable, the result would be the same. *See Minnelli v. Soumayah*, 839 N.Y.S. 2d 727, 728 (2007) (declining to recognize a private right of action for extortion or attempted extortion); *Niagara Mohawk Power Corp. v. Testone*, 708 N.Y.S. 2d 527, 529 (2000)(same). Plaintiff's extortion claim, therefore, fails to state a claim upon which relief can be granted.

  **C.** <u>**Civil Conspiracy**</u>

All defendants assert that Plaintiff's allegations are insufficient to support a civil conspiracy claim. Under Oklahoma law, to state a claim for civil conspiracy, a plaintiff must plead the following elements: 1) a combination of two or more persons; 2) an object to be accomplished; 3) a meeting of the minds on the object or course of action; 4) one or more unlawful overt acts; and 5) damages as a proximate result thereof. *See Gaylord Entertainment Co. v. Thompson*, 958 P.2d 128, 148 (Okla. 1998); *Hitch Enterprises, Inc. v. Cimarex Energy Co.*, 859 F. Supp. 2d 1249, 1268 (W.D.

Okla. 2012). The Supreme Court of Oklahoma has said that "unlike its criminal counterpart, civil conspiracy itself does not create liability." *Brock v. Thompson*, 948 P.2d 279, 294 (Okla. 1997). Rather, "[t]o be liable the conspirators must pursue an independently unlawful purpose or use an independently unlawful means." *Id.* There can be no liability for civil conspiracy where the act complained of and the means employed are lawful. *Id.* Moreover, "a conspiracy between two or more persons to injure another is not enough; an underlying unlawful act is necessary to prevail on a civil conspiracy claim." *Roberson v. Paine Webber, Inc.*, 998 P.2d 193, 201 (Okla. Civ. App. 1999).

It may reasonably be inferred from Plaintiff's allegations that two or more defendants combined to seek return of their investment and/or $1.5 million. It may also reasonably be inferred from Plaintiff's allegations that two or more defendants agreed to a course of action to accomplish that objective and committed one or more overt acts in pursuance of their objective. Plaintiff alleges defendants sent an email demanding return of funds and communicated with state and federal agencies. But seeking return of an investment and/or damages of $1.5 million is not alleged to be, and is not *per se* illegal. Nor is communicating with federal or state agencies unlawful. Thus, Plaintiff's civil conspiracy claim fails to state a claim upon which relief can be granted under Oklahoma law.

If New York law were applicable to this claim, the claim would still be subject to dismissal. New York does not recognize civil conspiracy as an independent cause of action. *See McCarthy v. Weaver,* 472 N.Y.S. 2d 64, 65 (1984)(there is no substantive tort of civil conspiracy); *Niagara,*,708 N.Y.S.2d at 529 (civil conspiracy and attempted extortion are not cognizable in New York). Accordingly, Plaintiff has failed to allege a civil conspiracy claim upon which relief can be granted.

**IV.     Conclusion**

In accordance with the foregoing, Defendants' Motions to Dismiss [Doc. Nos. 14 and 15] are GRANTED in their entirety, except to the extent Defendant Palozzi asserts that this case should be dismissed or transferred based on *forum non conveniens*. Plaintiff's Complaint is DISMISSED for lack of subject matter jurisdiction. Alternatively, Plaintiff's Complaint is dismissed for lack of *in personam* jurisdiction over the defendants and pursuant to Fed. R. Civ. P. 12(b)(6) on grounds that the Complaint fails to state claims upon which relief can be granted.

IT IS SO ORDERED this 1st day of July, 2014.

TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE